## PETER PING-WEI WU ET AL. *v.* LLOYD MOODY ET AL. (3476)

DUPONT, C. J., HULL and DALY, Js.

Argued June 12—decision released September 3, 1985

*Ronald P. Sherlock,* with whom, on the brief, was *James W. Sherman,* for the appellants (plaintiffs).

*Homer G. Scoville,* with whom, on the brief, was *Mark H. Taylor,* for the appellees (defendants).

HULL, J. This appeal arises out of an action on a contract for the construction of a house. The plaintiffs, Peter Ping-Wei Wu and his wife, Rong-Rong Rose Wu, claim error in the trial court's pretrial order to distribute all but $20,000 of the proceeds of a sale of the real estate at issue to the defendants[1] without a prior hearing as to the parties' respective interests therein. The plaintiffs also claim that the trial court erred in opening its judgment, subsequent to the filing of this appeal, in order to change the ground upon which its distribution order was based. We find no error.

On June 5, 1983, the plaintiffs and the defendant Tollgate Acres, Inc., entered into an agreement for the purchase of a new home to be built in Glastonbury. The purchase price of the home was $124,900 and the plaintiffs paid the defendants a $10,000 deposit under the terms of the contract.

Subsequently, a dispute arose between the parties regarding details of the construction and the plaintiffs filed the present action for partition of the property.[2] Thereafter, they amended their complaint to include seven additional counts alleging, inter alia, fraud, intentional infliction of emotional distress and negligence.

---

[1] Tollgate Acres, Inc., a corporation wholly owned by the named defendant, Lloyd Moody, is also a defendant herein.

[2] We note at the outset that this case should not have been brought as a partition action. General Statutes §§ 52-495 through 52-503 clearly were written in contemplation of a partition action between joint tenants. Here, however, the plaintiffs claim that they have exclusive title to the property under equitable principles. Such a posture implicitly denies any claim of title by the defendants.

The parties stipulated that the property should be sold. The proceeds, $129,900, were placed in Citizens Bank and Trust Company of Glastonbury pending the outcome of this action.[3] Subsequently, the defendants moved for a distribution of proceeds of the sale and the court, *O'Neill, J.,* concluded that "[t]here appears no reason on the face of these papers to require $129,900 to be held for a $16,000 to $20,000 claim. The court hereby orders a hearing to determine if plaintiffs have any additional interest in the proceeds under the first count. In the event that plaintiffs seek any other form of prejudgment remedy in regard to these funds based on any other portion of this complaint they shall apply for the same . . . and all such matters shall be heard at the same hearing."

Subsequently, the plaintiffs did apply for an additional prejudgment remedy with regard to counts two through eight and the court heard argument on both the later application and the initial motion for distribution made pursuant to count one. At that hearing the court denied the application for any additional prejudgment remedy but did order that $20,000 from the sale price of the house should not be distributed to the defendants. That amount was to "remain as security for any interests that the plaintiffs have in this property under the first count."

Thereafter, on October 10, 1984, after the present appeal had been filed, the court changed the basis of

---

[3] It should be noted that as to the merits of this case the parties have little disagreement. The plaintiffs argue, essentially, that they have "a one hundred per cent interest in the sale proceeds subject to the claims or liens of the defendants." The defendants and the court respond that the contract price, minus the deposit of $10,000, is $114,900 and that the $15,000 difference between that figure and the sale price of $129,900 is the maximum amount which the plaintiffs might recover. This dispute seems to us to be a legal zebra. One party is arguing that it is a black animal with white stripes while the other party argues that it is a white animal with black stripes. Either way, it remains zebra.

its decision in an oral response to the defendants' motion to open the judgment. The court had initially concluded that "[t]he actions of the parties and of the court in acting on the stipulation of the parties make it clear that the $129,900 held in escrow is meant to be held in the same fashion as if held under a prejudgment remedy as set out in General Statutes § 52-278a et seq. and § 52-307 in regard to attachment bonds." This basis for the decision was changed "by correcting the basis for the decision to holding the money under section 52-502, because the thought is the same."[4]

By their amended appeal, the plaintiffs claim that the court erred: (1) in ordering distribution prior to the close of the pleadings and "absent a meaningful hearing on the respective interests of the interested parties"; (2) in basing its original decision on prejudgment remedy procedures; and (3) in subsequently changing the basis of its decision after the present appeal was filed.[5]

We conclude that the court's initial characterization of its order was correct. The order for partial distribution was not, as the plaintiffs would characterize it, a "determination of respective interests in the partition sale proceeds." Rather, the court, in concluding that a hearing should be held on the motion for distribution, based its first memorandum of decision upon prejudgment remedy case authority and concluded by stating that "[i]n the event that plaintiffs seek any *other* form of prejudgment remedy in regard to these funds

---

[4] General Statutes § 52-502 provides, in pertinent part: "(a) On any complaint for the sale of real or personal property, the court in which the case is pending may make *any order necessary* to protect the rights of all parties in interest and to carry the sale into effect." (Emphasis added.)

[5] The plaintiffs have not claimed, as error, the denial of their application for a further prejudgment remedy on counts two through eight.

based on any other portion of this complaint they shall apply for the same within ten days." (Emphasis added.)

At the subsequent hearing on the motion for partial distribution, the court ordered that $20,000 was to remain *"as security* for the interests that the plaintiffs have in this property under the first count." (Emphasis added.)

Finally, at the hearing on the defendants' motion to open the judgment the court stated: "I'll just expand my judgment, my opinion . . . to holding the money under section 52-502, because the thought is the same, that *when we get to the end of this case, there should be some little pot for the plaintiff to prevail on."* (Emphasis added.)

It is clear from the court's statements that it was not making a final determination of the plaintiffs' interests in any portion of the $129,900 at issue. Rather, the court simply determined what the plaintiffs were likely to recover and made its order based on that determination. Thus, whether the court formally called its decision a prejudgment remedy, or an order pursuant to General Statutes § 52-502, the order amounted, nonetheless, to a prejudgment remedy.[6] Thus, the plaintiffs' claims, which are essentially based on their argument that the court erred in using prejudgment remedy standards, fail because the court was properly using such standards.

It is clear that the present appeal is premised on the plaintiffs' fears that their interests have been finally determined in all but $20,000 of the sale price of the

---

[6] It should be noted that the wording of General Statutes § 52-502 (a), although certainly not drafted in contemplation of the situation present in this case, is broad enough to encompass orders which effectively constitute prejudgment remedies.

property. That is, quite simply, not what the trial court did. Thus, the plaintiffs arguments are inherently flawed.

There is no error.

In this opinion the other judges concurred.